# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>XP ENTERTAINMENT, LLC<br>EIN: 04-3639786<br><br>                Debtor.<br><br>JEFFREY L. HILL, Chapter 7 Trustee,<br><br>                Plaintiff,<br><br>v.<br><br>OREGON STATE UNIVERSITY,<br><br>                Defendant. | Case No. 09-30699 MER<br><br>Chapter 7<br><br>Adversary Proceeding No. |

## COMPLAINT

Plaintiff JEFFREY L. HILL ("Trustee"), Chapter 7 trustee, by and through his counsel, Sender & Wasserman, P.C., for his Complaint against OREGON STATE UNIVERSITY ("Defendant"), states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## PARTIES AND STANDING

5. XP Entertainment, LLC ("Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on or about September 30, 2009.

6. On September 3, 2010, the Court issued its Order Converting Case to Chapter 7 (Docket No. 245).

7. Jeffrey L. Hill is the duly appointed Chapter 7 trustee (the "Trustee") for the Debtor's bankruptcy estate.

8. Defendant is a creditor of the Debtor and a state university with its administrative offices located at 600 Kerr Administration Building, Corvallis, Oregon 97331-2128.

9. On or within ninety days prior to the Petition Date, the Debtor transferred property to or for the benefit of Defendant including, but not limited to, the following:

| Date of Payment(s) | Amount(s) |
| --- | --- |
| 07/02/2009 | $33,778.15 |
| 06/14/2009 | $5,833.34 |
| Total: | $39,611.49 |

(the "Transfers").

## CLAIM FOR RELIEF
### (Preferential Transfer—11 U.S.C. § 547(b))

10. The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 9 as though more fully set forth in this Claim for Relief.

11. The Transfers were made to or for the benefit of Defendant.

12. At the time of the Transfers, Defendant was a creditor of the Debtor.

13. The Transfers were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

14. The Transfers were made while the Debtor was insolvent.

15. The Transfers were made on or within 90 days of the Petition Date.

16. The Transfers enabled Defendant to receive more than Defendant would receive if (a) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment of the purported debt owed by the Debtor to the extent provided by the provisions of the Bankruptcy Code.

2

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendant (a) avoiding the Transfers pursuant to 11 U.S.C. § 547(b), (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided Transfers or the value thereof from Defendant; and (c) granting such other relief as the Court deems appropriate.

Dated this 26th day of September, 2011.

        Respectfully submitted,

        SENDER & WASSERMAN, P.C.

        */s/ David J. Warner*

        ―――――――――――――――――
        David V. Wadsworth, #32066
        David J. Warner, #38708
        1660 Lincoln Street, Suite 2200
        Denver, Colorado 80264
        303-296-1999 / 303-296-7600 FAX
        dvw@sendwass.com
        djw@sendwass.com
        Attorneys for the Plaintiff/Chapter 7 Trustee